In the Matter of Supplementary Proceedings: ROBERT NICHOL, Judgment Creditor, Appellant, v. W. H. WILSON, Judgment Debtor.

SHEFFIELD FARMS-SLAWSON-DECKER COMPANY, Respondent

Third Department, November 29, 1916.

Supplementary proceedings — third party order restraining payment of moneys owed to judgment debtor — willful disobedience of restraining order — contempt of court.

Where an order in supplementary proceedings has been duly served on a third person restraining him from paying over or disposing of moneys owed to the judgment debtor until further order of the court, and in violation of the order the third person deliberately pays the money to the judgment debtor's wife, he is guilty of a contempt of court, and is properly fined the amount of the payment, with costs and disbursements.

Such payment in violation of the restraining order is without force and validity as against the judgment creditor, and furnishes no answer to a subsequent application to the court for an order directing the third person to pay the moneys to the sheriff.

Although the original order directing payment to the sheriff was made without notice to the third person, where the latter moved to vacate the order and his motion was denied, he has been afforded a hearing upon the merits.

LYON, J., dissented.

APPEAL by the judgment creditor, Robert Nichol, from an order of the county judge of Delaware county, entered in the office of the clerk of said county on the 3d day of July, 1916, denying his motion to punish respondent for contempt of court in refusing to pay to the sheriff money belonging to the judgment debtor as directed by the order of said county judge, dated April 19, 1915.

*Ives & Craft*, for the appellant.

*O'Connor & O'Connor* [*C. R. O'Connor* of counsel], for the respondent.

KELLOGG, P. J.:

By a third party order made by the county judge of Delaware county April 12, 1915, in proceedings supplementary to execution, the respondent was required to appear before a

referee for examination concerning money it was alleged to owe to the judgment debtor, and was restrained from paying over or disposing of said money until the further order of the court. The order was duly served on the 12th day of April, 1915. The examination upon the order April fifteenth disclosed that the respondent had in its hands $103.39 belonging to the judgment debtor, as appears by the referee's report. Upon that report the county judge, on the nineteenth day of April, made an order directing the respondent to pay that sum to the sheriff. May sixth, upon allegations that after April twelfth the respondent had paid the money to the judgment debtor's wife, an order was made by the county judge for the appellant to show cause why the order for the paying over of said money should not be vacated. After hearing the parties the county judge denied the application to vacate the order. The respondent having refused to pay the money to the sheriff as required by the order, this proceeding was instituted to punish the respondent for contempt in refusing to pay over said money. Again the respondent offered affidavits tending to show that after April twelfth it had paid the money to the judgment debtor's wife, and thereupon the judge made the order appealed from denying the plaintiff's motion to punish the respondent for contempt. It is clear that after the service of the restraining order the defendant deliberately paid the money to the judgment debtor's wife in violation of the order, with the intent to deprive the judgment creditor of the benefit of such moneys. The affidavits of the respondent are evasive and technical, and when read with the other affidavits show clearly that the respondent was guilty of contempt. The respondent paid the money to the judgment debtor's wife with full knowledge of the restraining order and after it was duly served with it. Such payment, so far as the plaintiff is concerned, was without force and validity, and furnishes no answer to the order of the court requiring that the money be paid to the sheriff. The original order for paying the money to the sheriff was made apparently without notice, but the respondent moved to vacate it, and upon that application the facts were shown as to the alleged payment, and the respondent's motion to vacate was denied. The respondent, therefore, had a hearing

upon the merits, in which it was determined in substance that the alleged payment to the judgment debtor's wife was ineffectual as against the plaintiff. Nevertheless the county judge heard the same affidavits, and apparently gave force to them upon the hearing of the motion now under consideration. Not having appealed from the order refusing to vacate the order for payment, the respondent could not refuse to observe the order and then excuse its refusal by alleging facts which the judge had already passed upon when he refused to vacate the order. The county judge, therefore, erroneously denied the application to punish for contempt. The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to punish the respondent for contempt should be granted, with fifty dollars costs and disbursements. The court finds as facts that the respondent, without any justification or excuse, neglected and refused to pay over to the sheriff the money required to be paid by the order of the county judge, and that by such neglect and refusal the rights and remedies of the judgment creditor have been defeated impaired, impeded and prejudiced, and that he has been subjected thereby to a loss in the sum of $103.39 (being the amount of plaintiff's judgment, the costs and disbursements in the supplementary proceedings), together with the costs and expenses of this proceeding; and that the respondent willfully and deliberately committed a contempt of court in refusing to pay said moneys to the sheriff, and the court directs that for its said contempt of court the respondent be fined $103.39, to be paid to the plaintiff, together with the costs and disbursements of this proceeding, as hereinbefore mentioned, to be taxed.

All concurred, except LYON, J., who dissented.

Order appealed from reversed, with ten dollars costs and disbursements, and the motion to punish the respondent for contempt granted, with fifty dollars costs and disbursements. The court finds as facts that the respondent, without any justification or excuse, neglected and refused to pay over to the sheriff the money required to be paid by the order of the county judge, and that by such neglect and refusal the rights and

remedies of the judgment creditor have been defeated, impaired, impeded and prejudiced, and that he has been subjected thereby to a loss in the sum of $103.39, being the amount of plaintiff's judgment, the costs and disbursements in the supplementary proceedings, together with the costs and expenses of this proceeding; and that the respondent willfully and deliberately committed a contempt of court in refusing to pay said moneys to the sheriff, and the court directs that for its said contempt of court the respondent be fined $103.39, to be paid to the plaintiff, together with the costs and disbursements of this proceeding, as hereinbefore mentioned, to be taxed.